JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CASBN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone:  (510) 637-3929
   Facsimile:   (510) 637-3724
   E-Mail:       Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARIANO CORONADO, ) <br> ) <br>    Defendant, ) <br> _____ ) | No. CR 07-00727 DLJ <br><br> UNITED STATES' SENTENCING MEMORANDUM FOR DEFENDANT MARIANO CORONADO <br><br> Hearing Date:   August 1, 2008 <br> Hearing Time:   10:00 a.m. |

**I.**

**INTRODUCTION**

On May 16, 2008, defendant Mariano Coronado ("defendant") pleaded guilty – in a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) – to count one of the indictment, distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). The Court ordered the United States Probation Office (USPO) to prepare a presentence report (PSR). A hearing for imposition of judgment and sentencing is currently scheduled for August 1, 2008.

In the plea agreement, defendant agreed to plead guilty count one and the government agreed to dismiss counts two and three. In addition, the parties agreed that defendant should be

sentenced as follows: no less than 60 and no more than 70 months imprisonment, four years of supervised release (with conditions to be fixed by the Court and as agreed to below), no fine, a $100 special assessment and no restitution. Defendant specifically agreed, based on the nature of the offense and his criminal history, that the Court shall impose the following term and condition of supervised release:

> The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time with or without cause. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

Both the plea agreement and the PSR correctly calculate the adjusted applicable United States Sentencing Guideline (U.S.S.G.) offense level as 25. The parties agree that the PSR correctly calculates defendant's criminal history category as III. The applicable guideline range is 70-87 months imprisonment. The mandatory minimum sentence is 60 months imprisonment.

For these reasons set forth below, the government respectfully requests that this Court accept the plea agreement entered into by the parties and sentence defendant to the low-end of the applicable guidelines range in this case, namely, 70 months imprisonment, four years supervised release (under the terms and conditions recommended by the USPO and agreed to by defendant above), and a $100 special assessment. This 70-month sentence is consistent with both the sentencing guidelines and the sentencing factors that the Court must consider pursuant to 18 U.S.C. § 3553(a).

## II.

## SENTENCING GUIDELINES CALCULATIONS

The parties agree with the USPO's computation of the sentencing guidelines applicable to defendant as follows:

| | | |
|---|---|---|
| Base Offense Level: | 28 | U.S.S.G. § 2D1.1(c)(6) (32.2 grams of actual meth.) |
| | – 3 | U.S.S.G. § 3E1.1(a) & (b) (acceptance of responsibility) |
| **Total** | **25** | |

## III.

## DISCUSSION OF GUIDELINES CALCULATIONS

### A.    U.S.S.G. § 2D1.1(c)(6) (base offense level)

Defendant admitted in the factual basis of the plea agreement (paragraph 2) that on or about August 28, 2007, in Pittsburg, California, he distributed 20.8 grams of actual methamphetamine to the individual in exchange for cash. Defendant also admitted that, as part of the same course of conduct and common scheme, he distributed 11.4 grams of actual methamphetamine on or about September 13, 2007. Based on the quantity of actual methamphetamine distributed by defendant, the parties and the USPO are in agreement that defendant's base offense level is 28. (PSR ¶¶ 18).

### B.    U.S.S.G. § 3E1.1 (Acceptance of Responsibility)

The government respectfully recommends that defendant be granted a two-point reduction in offense level under U.S.S.G. § 3E1.1(a) because he has "clearly demonstrate[d] acceptance of responsibility for his offense" under the terms of § 3E1.1(a) by truthfully admitting the facts establishing his guilt.

Defendant is likewise entitled to a third point for acceptance of responsibility under the distinct standard set forth in U.S.S.G. § 3E1.1(b). To qualify for this third point, defendant must have "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b). Because defendant pleaded guilty in this case in a timely manner that avoided any preparation for trial, the government hereby moves that the he be granted this third point as well, for an ultimate offense level of 25.

## IV.

## STATUTORY SENTENCING FACTORS

In light of the *Booker* Court's severance of 18 U.S.C. § 3553(b)(1) from the federal sentencing statute, sentencing courts are now obliged to consider, in addition to the sentencing guidelines, the factors set forth 18 U.S.C. § 3553(a). These factors include the need for the

sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants. The sentence recommended by the government achieves all of these sentencing goals. Accordingly, a sentence of 70 months imprisonment, four years supervised release, and a $100 special assessment is therefore reasonable and appropriate.

## V.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court determine – consistent with the parties' plea agreement and the calculations of the USPO – that defendant's ultimate guideline offense level is 25 and his criminal history category is III. The government further respectfully requests that, taking into consideration the advisory guideline range of 70-87 months and the sentencing factors set forth in section 3553(a), the Court sentence defendant to 70 months imprisonment, impose a four-year term of supervised release (under the terms and conditions recommended by the USPO and as agreed to by the defendant), and order defendant to pay a $100 special assessment.

DATED: July 30, 2008                                   Respectfully submitted,

                                                       JOSEPH P. RUSSONIELLO
                                                       United States Attorney


                                                       _____/s/_____
                                                       GARTH HIRE
                                                       Assistant United States Attorney